IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERALD EDMUNDSON | § | |
| Petitioner, | § § § | |
| VS. | § § | NO. 3-11-CV-1462-N-BD |
| RICK THALER, Director Texas Department of Criminal Justice, Correctional Institutions Division | § § § § | |
| Respondent. | § § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Gerald Edmundson, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice for failure to exhaust state remedies.

I.

In 2009, petitioner was released to parole after serving nearly 14 years of a 25-year sentence for escape. While on parole, petitioner was convicted of evading arrest. As a consequence of that conviction, his parole was revoked. However, prison authorities did not give petitioner credit on his sentence for the time spent on release. Petitioner now challenges that decision on federal habeas review.

On July 5, 2011, the court sent written interrogatories to petitioner in order to determine whether he exhausted his state remedies. Petitioner answered the interrogatories on August 16, 2011. The court now determines that this case should be dismissed.

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). Under Texas law, a prisoner may challenge the denial of sentence credits following the revocation of parole or mandatory supervision in an application for writ of habeas corpus. *See Henderson v. Quarterman*, No. 3-07-CV-0149-K, 2007 WL 1302398 at *1 (N.D. Tex. May 1, 2007) (citing cases). However, before presenting a sentence credit claim to the Texas Court of Criminal Appeals in a habeas petition, the prisoner must first seek administrative review of the claim pursuant to Tex. Gov't Code Ann. § 501.0081. *Id.*; *see also Levi v. Director, TDCJ-CID*, No. 1-06-CV-37, 2006 WL 2504783 at *2 (E.D. Tex. Aug. 29, 2006) (citing Texas cases). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990), *cert. denied*, 111 S.Ct. 2862 (1991).

In his interrogatory answers, petitioner admits that he has not exhausted his state remedies. Specifically, petitioner has never sought administrative review of his sentence credit claim and has not raised the issue in an application for state post-conviction relief or any other state proceeding. (*See* Mag. J. Interrog. #1, 2). Unless and until petitioner presents his sentence credit claim to the Texas Court of Criminal Appeals in a procedurally correct manner, he cannot seek federal habeas relief. *See Curry v. Quarterman*, No. 3-08-CV-2213-G, 2009 WL 1953011 at *3 (N.D. Tex. Jul. 7, 2009) (dismissing federal writ for failure to exhaust state remedies where petitioner did not seek administrative review of sentence credit claim); *Henderson*, 2007 WL 1302398 at *1 (same as to claim for "street time" credit that was not raised on administrative review or in an application for state post-conviction relief).

## **RECOMMENDATION**

It plainly appears from the face of the pleadings that petitioner has not exhausted his state remedies. Accordingly, his application for writ of habeas corpus should be summarily dismissed without prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE